NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGINALD BOUNDS and GINA LEVIN, <br><br> Plaintiffs, <br><br> v. <br><br> 531 STETSON LLC, et al., <br><br> Defendants. | Civil Action No. 23-1929-CCC-AME <br><br> **OPINION and ORDER** |

This matter is before the Court on the motion filed by pro se plaintiff Reginald Bounds for appointment of pro bono counsel, pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 14]. The Court has considered the written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the motion is denied.

**I.   BACKGROUND**

This action arises from alleged housing discrimination. At the time this case was filed, Plaintiffs Reginald Bounds and Gina Levin (collectively, "Plaintiffs") resided as tenants in an apartment building located at 533 Stetson Street in Orange, New Jersey. In the original Complaint, Plaintiffs alleged unlawful acts of housing and disability discrimination by defendants 531 Stetson LLC and Saul Schwartz ("Defendants") beginning when Defendants purchased the apartment building, sometime in 2023. Among other things, Plaintiffs allege Defendants unlawfully refused to renew their lease, did not cooperate with Plaintiffs' need for rental assistance though federal programs, and improperly sought to collect overdue rent payments Plaintiffs assert they did not actually owe in light of the previous landlord's failure to provide them with a working boiler for over a year. They further allege Defendants demanded

Plaintiffs vacate the premises and threatened to bring eviction proceedings against them, which Plaintiffs assert was mere pretext for their failure to accede to Defendants' demands. The Complaint also alleged that Defendants attempted to deprive Plaintiffs of housing "based on disability, national origin, [and] family status," although the factual basis for these allegations is not specified. (Compl., D.E. 1 at 6.) Plaintiffs claimed entitlement to relief under the Fair Housing Act ("FHA"), state and federal laws against discrimination, and the Americans with Disabilities Act ("ADA"). (*Id.*)

On April 4, 2023, Plaintiffs submitted their Complaint for filing together with an application to proceed *in forma pauperis* ("IFP"). Bounds also submitted a motion for appointment of pro bono counsel. On September 29, 2023, Bounds' motion for pro bono counsel was administratively terminated without prejudice and with leave to refile once the IFP application had been resolved and the Complaint accepted for filing. Rather than press their IFP application, Plaintiffs paid the case filing fee on October 30, 2023, and the Complaint was therefore deemed formally filed on that date.

On January 11, 2024, Plaintiffs, proceeding *pro se*, filed an Amended Complaint pursuant to Federal Rule of Civil Procedure 15. The Amended Complaint, which is Plaintiffs' currently operative pleading, reiterates the original Complaint's claims for FHA and ADA violations and expands upon Defendants' alleged wrongdoing. As to the alleged demand to vacate the premises, Plaintiffs add that Defendants offered a $26,000 payment in exchange for their relocation. The Amended Complaint asserts claims for common law fraud and violation of the federal RICO statute, alleging Defendants conspired with the apartment building's previous owner, TMF Properties ("TMF"), in an unlawful scheme to transfer ownership of the property for the purpose of evading an investigation by the Department of Housing and Urban Development ("HUD"). It

also adds a claim for intentional infliction of emotional distress, alleging that Defendants have intimidated, harassed, and blackmailed Plaintiffs, with the aim of convincing them to withdraw housing violation and civil rights complaints they have filed with HUD against TMF. For the foregoing alleged violations, Plaintiffs seek damages in the amount of $750,000 and injunctive relief.

On February 15, 2024, Bounds filed this motion for appointment of pro bono counsel.

## II.   DISCUSSION

A civil litigant does not have a constitutional or statutory right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, appoint an attorney to represent a litigant who is unable to afford counsel. *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (holding the Court has broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e)).

On this motion, Bounds asserts that he suffers from mental disabilities that will make it extremely difficult for him to properly prosecute this action. Specifically, he states that his diagnosed post traumatic stress disorder and major depressive disorder will prevent him from adhering to deadlines, following court rules and procedures, and understanding legal documents. Moreover, he maintains that his "mental disability hinders his ability to follow up on the case, including conducting necessary legal research, communicating with opposing counsel, and organizing relevant evidence." (Mot. at 5.) Bounds asserts that, given the guarantee provided under the ADA that individuals with disabilities receive reasonable accommodations, he should be assigned pro bono counsel to ensure that these proceedings are conducted fairly.

3

To determine whether appointed counsel is warranted, the Court must apply the analysis established by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). Under the *Tabron* framework, the threshold issue is "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155.) If his or her claim has some merit, the Court should consider the following factors:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations; and
6. whether the case will require the testimony of expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155–57). The Third Circuit "[has] noted that 'this list of factors is not exhaustive, but should serve as a guidepost for the district courts.'" *Id.* (quoting *Parham*, 126 F.3d at 457). It has also cautioned that care should be exercised in appointing counsel in civil actions, as "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157–58.

Here, Bounds' motion for pro bono counsel does not appear to surmount *Tabron*'s threshold requirement that the action have some arguable merit in fact and law. Despite Plaintiffs' allegations that Defendants have attempted to deprive them of housing on the basis of disability, national origin and family status, neither the Complaint nor the Amended Complaint set forth any concrete facts in support of these claims. Plaintiffs accuse Defendants of threatening to bring eviction proceedings against them for unlawful reasons and assert

4

Defendants have used Plaintiffs' rent arrears as mere pretext. However, Plaintiffs' allegations that Defendants have engaged in discriminatory conduct and/or otherwise violated their rights under the FHA, ADA, and other statutes rely on threadbare and conclusory assertions.

This action appears to amount to another iteration of the ongoing landlord-tenant dispute between Plaintiffs and the previous and current owners of their apartment building, TMF and 531 Stetson LLC, respectively. The Court takes judicial notice of the fact that, according to the District of New Jersey's public records, Plaintiffs have repeatedly filed or attempted to remove numerous civil actions related to eviction proceedings initiated against them in 2020 by the building's former owner TMF in the Superior Court of New Jersey.[1] In its Order rejecting Plaintiffs' second attempt to remove the landlord-tenant action, the District Court noted: "This case originated as a landlord/tenant dispute in the Superior Court of New Jersey, Essex County, Special Civil Part, Landlord/Tenant Division, Docket No. ESX-LT-8809-20 . . . Plaintiff [TMF] is allegedly seeking to evict Defendants [Bounds and Levin] from the leased premises, an apartment in East Orange, New Jersey, due to purported unpaid rent and failure to maintain their apartment in a clean and sanitary condition." *See Bounds v. State of New Jersey*, Civil No. 22-2450(CCC), Jan. 24, 2023 Order at 1. In that case, Plaintiffs also alleged the landlord had committed ADA, FHA, and other federal statutory violations, but as the District Court held in remanding the action, their assertion of federal claims in defense of the eviction proceedings failed to establish subject matter jurisdiction under 28 U.S.C. § 1331. *See id.* at 2-4.

---

[1] This Court may take judicial notice of matters of public record, including "proceedings in other courts that relate to matters at issue." *Liberty Int'l Underwriters Canada v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 325 (D.N.J. 2013); *see also Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022). By the Court's count, the cases opened in this District by Bounds and Levin related to their efforts to challenge eviction have been assigned at least nine different docket numbers. *See* Civil Nos. 21-12388, 22-2450, 22-5522, 22-7019, 23-1518, 23-1929, 23-2077, 23-23396, 24-1015.

Here, Plaintiffs raise federal causes of action in their Complaint and Amended Complaint, to plead for relief "arising under" federal law and thus meet the subject matter jurisdiction requirement under Section 1331. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (holding subject matter jurisdiction under Section 1331 generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *see also Gunn v. Minton*, 568 U.S. 251, 257 (2013) (holding it is well-established that, ordinarily, "a case arises under federal law when federal law creates the cause of action asserted."). However, the mere existence of jurisdiction under Section 1331, that is, the assertion of a federal claim on the face of the complaint, does not necessarily indicate that the claim is meritorious. The question on a motion for pro bono counsel is whether a litigant's claims have arguable merit in law and fact. For the reasons discussed, it appears to this Court that Bounds' claims do not.

Nevertheless, even assuming the threshold requirement for appointment of counsel in a civil action were satisfied here, the *Tabron* factors weigh against granting Bounds the relief he seeks. The Court will consider the six factors in turn.

First, Bounds has demonstrated he is able to present his own case. To evaluate this factor, *Tabron* instructs that "[c]ourts generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. Bounds' various filings to the Court demonstrate that he is not only literate, but displays a firm command of the legal terminology and the basis for his action. The Amended Complaint narrates Plaintiffs' experience concerning Defendants' demands for unpaid rent, offer to pay a monetary amount in exchange for vacating the apartment, and their allegedly unlawful efforts to evict Plaintiffs, in a cogent and well-organized manner. Moreover, Bounds has demonstrated an ability to prepare and file documents with the Court without the assistance of counsel. Proceeding pro se, Bounds filed

6

both a Complaint and Amended Complaint. After this Court terminated Bounds' initial motion for pro bono counsel as premature given the pendency of his IFP application, Bounds paid the case filing fee and refiled the motion for counsel. As noted, he has initiated at least nine civil actions in this Court concerning his challenge to the eviction and other related residential matters. His filings reflect not only the ability to navigate the litigation process but also a keen comprehension of the Court's orders. Additionally, in this case, Bounds has also made a successful request for extension of time to serve Defendants under Federal Rule of Civil Procedure 4(m) and, more recently, sought authorization from the Court for substituted service. Although Bounds does not appear to have legal training, he has thus far ably presented his case to the Court and demonstrated aptitude for the mechanics of submitting motions and applications for various relief. In this case, the first *Tabron* factor weighs heavily against Bounds' request for the appointment of counsel.

Second, this action does not involve overly complex legal or factual issues. Although Bounds asserts the lawsuit is complex because it involves claims under the FHA and ADA, the case revolves around the straightforward allegation that Defendants' efforts to evict Plaintiffs from their apartment is not based on rent arrears but rather on unlawful discrimination. This factor also weighs against appointment of counsel.

Third, this action is not likely to require extensive discovery. The claims arise out of a narrow set of facts, largely set forth in the allegations of the Amended Complaint. Assuming this case proceeds to the discovery phase, written interrogatories, document demands, and depositions will likely be required to explore those allegations, but the Court notes Bounds has demonstrated that he is capable of accessing resources, drafting legal documents, and reviewing

case filings. He has not raised any insurmountable difficulty in engaging in discovery such that appointment of counsel is necessary.

Fourth, the Court must consider whether Bounds can afford counsel. Typically, this factor depends on whether the movant has been granted *in forma pauperis* status. *Montgomery*, 294 F. 3d at 505. Here, Bounds essentially withdrew his request to proceed IFP by paying the case filing fee. Having failed on this motion to present any evidence of indigence, Bounds has not demonstrated he lacks the financial means to retain counsel.

Fifth, in its current stage of development, prior to the commencement of discovery, this action does not appear to depend on credibility determinations. "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest." *Parham*, 126 F.3d at 460. Nothing in the record suggests that this case will involve a swearing contest. Rather, it appears the case will turn primarily on whether Plaintiffs' rent payments were in fact overdue and evidence of Defendants' conduct.

Sixth, the Court must consider whether the action may require expert testimony. As discussed, Plaintiffs' claims revolve around their firsthand interactions with Defendants concerning the latter's allegedly discriminatory efforts to evict Plaintiffs and/or otherwise engage in allegedly harassing conduct. Although this action is in its earliest stages, neither the Amended Complaint nor Bounds' motion for counsel indicate that expert testimony will be needed. Thus, this factor also weighs against appointment of pro bono counsel.

No single *Tabron* factor is determinative of the question of whether appointment of counsel is appropriate in a civil action under Section 1915. *Parham*, 126 F.3d at 458. Here, the totality of the *Tabron* framework militates against allocating the scarce resource of pro bono counsel to represent Bounds in this action.

Finally, for purposes of completeness, the Court addresses Bounds' suggestion that compliance with the ADA requires he be afforded pro bono counsel. Even assuming Bounds suffers from a disability covered by the ADA,[2] the Court has identified no provision in the statute entitling a disabled person legal representation to prosecute a private right of action thereunder. *See Douris v. New Jersey*, 500 F. App'x 96, 101 (3d Cir. 2012) (*per curiam*) (affirming District Court's dismissal of plaintiff's claim that the State of New Jersey violated his right to appointed counsel under the ADA, noting "there is no requirement under the ADA that courts provide legal counsel for a person with disabilities.").

### III.   CONCLUSION AND ORDER

For the reasons discussed, the Court concludes, in its discretion, that appointment of pro bono counsel to represent Bounds is not warranted. Accordingly,

**IT IS** on this 24th day of April 2024,

**ORDERED** that the motion by plaintiff Reginald Bounds for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 14] is **DENIED**.

                /s/ *André M. Espinosa*
                ANDRÉ M. ESPINOSA
                United States Magistrate Judge

---

[2] The ADA states: "The term 'disability' means, with respect to an individual—(A) a physical or mental impairment that substantially limits one of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).